(No. 14689.—Judgment affirmed.)

MONTGOMERY WARD & Co., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN R. PINE, Defendant in Error.)

*Opinion filed October 21, 1922.*

1. APPEALS AND ERRORS—*abstract should show every error and exception relied upon for reversal.* Under rule 14 of the Supreme Court the party bringing up a cause for review must furnish an abstract of the record sufficient in all respects to fully present every error and exception upon which he relies.

2. STIPULATIONS—*a stipulation as to facts is binding.* Parties will not be relieved from stipulations in the absence of a clear showing that the matter stipulated is untrue, and then only when the application for such relief is seasonably made and good cause is shown for granting it; and a stipulation by the parties as to the facts is in the nature of a special verdict, and, so long as it stands, is conclusive and cannot be met by evidence tending to show that the facts are otherwise.

3. WORKMEN'S COMPENSATION—*when stipulation precludes review of question whether written claim was made.* Where the parties have stipulated before the arbitrator that "there has been no compensation paid on account of injury received in said accident," the employer cannot, on review, raise the question that no written claim for compensation, as required by statute, was made after the employer had paid the attending physician for first aid services, as the stipulation that no compensation was paid settles that question and is binding.

4. SAME—*claim for compensation within six months after accident need not be in writing.* The statute requires the filing of a written claim for compensation only where the employer has made a payment of compensation, and the claim which is required to be made within six months after the accident need not be in writing.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

F. J. CANTY, and GEORGE D. ANTHONY, for plaintiff in error.

T. J. CONDON, for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Sangamon county confirming the decision of the Industrial Commission awarding defendant in error compensation for the permanent and complete loss of the use of his left eye. Plaintiff in error contends that a claim for compensation was not made within the statutory period, and that the Industrial Commission for that reason had no jurisdiction to enter the award.

The abstract of the record does not show the date of the injury, but the proof shows, without dispute, that defendant in error made his claim for compensation within two weeks after the accident. It was stipulated before the arbitrator, among other things, "that there has been no compensation paid on account of injury received in said accident." In addition to the stipulation the arbitrator heard the testimony of defendant in error and of Dr. E. E. Hagler. This testimony established beyond question the nature and extent of the injury. There was no contention made before the arbitrator that any compensation had been paid on account of the injury or that defendant in error had failed to make the statutory claim for compensation. On review before the Industrial Commission it was shown that a check for six dollars had been given to Dr. W. W. Van-Wormer for first aid services to defendant in error. It is contended that this payment was a payment made under the provisions of the Compensation act, and that no proceedings for compensation can be maintained unless there is a showing that a written claim for compensation has been made within six months after such payment. The abstract does not show when this payment was made, and if the point had merit the question is not properly presented for review. Rule 14 provides that the party bringing a cause into this court shall furnish a complete abstract of the rec-

304—37

ord, sufficient in all respects to fully present every error and exception upon which the party relies.

The stipulation between the parties disposes of the question here in dispute. One of the purposes of the Compensation act is to secure a speedy and economical settlement of claims for industrial accidents, and stipulations tending to expedite the hearing should be encouraged rather than discouraged by the courts, and should be enforced unless good cause is shown to the contrary. Parties will not be relieved from stipulations in the absence of a clear showing that the matter stipulated is untrue, and then, only, when the application for such relief is seasonably made and good cause is shown for granting it. (25 R. C. L. 1099.) A stipulation by the parties as to the facts, so long as it stands, is conclusive between them and cannot be met by evidence tending to show that the facts are otherwise. (*City of Chicago* v. *Drexel,* 141 Ill. 89.) Plaintiff in error stipulated in this cause that no compensation had been paid on account of the injury, and that settled that question of fact as long as the stipulation stood. Such a stipulation is in the nature of a special verdict, which, until set aside by the proper authority, expresses the result of proof made by the parties and is binding on both of them and the tribunal hearing the controversy. A similar stipulation was considered in *American Milling Co.* v. *Industrial Board,* 279 Ill. 560, where the court held the stipulation binding. The fact that no compensation had been paid being established by the stipulation, it was only necessary to show that a claim for compensation had been made within six months after the accident, and it was not necessary to show that this claim was in writing. *Suburban Ice Co.* v. *Industrial Board,* 274 Ill. 630.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*