(No. 24323

MAUDE BRINK, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE PULLMAN RAILROAD COMPANY, Plaintiff in Error.)

*Opinion filed April 15, 1938—Rehearing denied June 8, 1938.*

FARTHING, C. J., dissenting.

CHARLES S. WILLISTON, and KNAPP, BEYE, ALLEN & CUSHING, (JOSEPH L. EARLYWINE, and HARLAN L. HACKBERT, of counsel,) for plaintiff in error.

W. J. LEWIS, and JOHN E. FOSTER, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

On March 16, 1933, a carload of steel billets was being shipped by the Inland Steel Company from Indiana Harbor, Indiana, to the Pullman Car and Manufacturing Company, in Illinois. The shipment reached the yards of the Pullman Car and Manufacturing Company in a switching movement, but had not been spotted under a crane for unloading at the place which was to be the destination of the car. While the car was being moved toward the crane, Andrew Paw, an employee of the consignee, attempted to board a car in the cut or train of cars which contained the car loaded with billets. Through some mishap, he was run over and killed. William Brink, an employee of the Pullman Railroad Company, was on the opposite side of the train at the time of the accident and did not see it. The engineer immediately stopped the train. Brink went around the string of cars and saw Paw's dead body. Later the car of billets was placed in its intended position and was then unloaded. Sometime afterward Brink became insane and was committed to the Kankakee State Hospital. It is asserted that his insanity was caused by excitement and shock at seeing

the dead body of his fellow-workman. A claim for an award under the Workmen's Compensation act was made by Maude Brink, who had been appointed conservatrix after Brink had become insane. The arbitrator entered an award but, on review, the Industrial Commission set it aside. On *certiorari* to the circuit court of Cook county, the findings of the commission were set aside and the award of the arbitrator was confirmed.

Plaintiff in error contends that the Workmen's Compensation act cannot be availed of because both the Pullman Railroad Company and Brink were engaged in interstate transportation at the time of the injury. On a hearing before the arbitrator the parties entered into a stipulation that Brink and the railroad company were operating under that act. When the cause was before the Industrial Commission, a motion was made by the company to amend the stipulation so as to include the question of the interstate character of the transaction. The commission made no ruling on the motion, but proceeded to hear the cause as though the motion had been allowed, and determined that the parties were engaged in interstate transportation. Defendant in error insists that the original stipulation is conclusive between the parties, and the plaintiff in error is estopped to assert the defense of interstate transportation. Such is the general rule in regard to stipulations but it is not inflexible. Parties will not be relieved from a stipulation in the absence of a clear showing that the matter stipulated is untrue, and then only when the application is seasonably made. (*Montgomery Ward & Co.* v. *Industrial Com.* 304 Ill. 576; *City of Chicago* v. *Drexel,* 141 id. 89.) However, courts may, in the exercise of a sound judicial discretion and in the furtherance of justice, relieve parties from stipulations which they have entered into in the course of judicial proceedings, and that discretion will not be interfered with, except where manifest abuse of it is disclosed. (25 R. C. L., "Stipulations," 1099.) This court, in *Victor Chemical Works* v.

*Industrial Board,* 274 Ill. 11, recognized the power of the commission to set aside a stipulation entered into before the arbitrator to the effect that both parties were under the Workmen's Compensation act. Moreover, upon a hearing before the Industrial Commission the parties are not confined to the evidence heard before the arbitrator. New and further evidence may be introduced and it must be considered along with the evidence taken before the arbitrator. In *Montgomery Ward & Co.* v. *Industrial Com. supra,* we recognized the power to set aside a stipulation upon the clear showing that the matter stipulated is untrue. Where the proof is evident that the parties were not under the Workmen's Compensation act, both the arbitrator and the commission and, likewise, the circuit court, had no jurisdiction to make an award.

There can be no doubt that the car in question had been employed in interstate commerce and it would so continue until it was unloaded, if done within a reasonable time. The unloading of an interstate shipment is so closely related to interstate transportation as to be practically a part of it. *Pipal* v. *Grand Trunk Western Railway Co.* 341 Ill. 320; *Brown* v. *Illinois Terminal Co.* 319 id. 326.

The contention that the award should be sustained even though the parties are engaged in interstate commerce at the time of the alleged accidental injury cannot be sustained. The conservatrix takes the position that a recovery under the Federal Employers' Liability act can be had only in cases where there is tort or negligence, and therefore the entire field of employers' liability is not covered. That the act does completely occupy the field concerning liability of common carriers for injuries received by their employees when engaged in interstate commerce and leaves no room for State legislation is definitely settled.

In *Erie Railroad Co.* v. *Winfield,* 244 U. S. 170, 61 L. ed. 1057, it was held that the Federal act is regulative of the carrier's liability or obligation in every instance of

the injury or death of one of its employees in interstate commerce and that Congress intended the act to be as comprehensive of those instances in which it excludes liability as of those in which liability is imposed; that the act establishes a rule of regulation which is intended to operate uniformly in all the States, as respects interstate commerce, and in that field it is both paramount and exclusive. To the same effect is *New York Central Railroad Co.* v. *Winfield,* 244 U. S. 147, 61 L. ed. 1045.

In *Staley* v. *Illinois Central Railroad Co.* 268 Ill. 356, 377, we said: "Beyond question the Federal Employers' Liability act superseded, as to injuries of employees engaged on railroads in interstate commerce, all statute or common law in force in the State of Illinois previous to the passage of the Workmen's Compensation act."

We are bound by these decisions and must conclude that the holding of the Industrial Commission is correct. The judgment of the circuit court is reversed, and the decision of the Industrial Commission is confirmed.

> *Judgment reversed.*
> *Decision of Industrial Commission confirmed.*

Mr. CHIEF JUSTICE FARTHING, dissenting:

I cannot agree that the commission on review had power to grant the motion to amend the stipulation made by the parties without fraud or any other improper influence. No action was taken on the motion and an entirely new defense of interstate commerce was interposed on the hearing on review. The statute allows the parties to introduce "additional evidence" when proper notice is given, but additional evidence does not mean that the employee can assert an entirely new claim, or that the employer can withhold a defense, until after the arbitrator's award and present it for the first time before the commission. For these reasons, I regretfully dissent.