THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* STEVE POLK, JR., Defendant-Appellee.

Third District   No. 82—850

Opinion filed June 30, 1983.

Gary L. Morris, Assistant Corporation Counsel, of Peoria, for the People.

Michael W. Heller, of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant-appellee, Steve Polk, Jr., was arrested on July 8, 1982, in Peoria, Illinois, for driving while under the influence of alcohol, driving while license suspended and speeding. He was taken to St. Francis Hospital where a blood alcohol test was performed. Because the defendant was in a state of shock, no oral or written consent to the blood test was obtained from him.

On November 3, 1982, defense counsel filed a motion to suppress the results of the blood alcohol test on the basis that no valid consent had been given. The motion was called up for hearing on November 9. At that time, the State agreed to the entry of an order allowing the defendant's motion and suppressing the results of the test. Subsequently, the State filed a motion to vacate the earlier order suppressing the blood test. It is from a denial of its motion to vacate that the State appeals.

Prior to January 1, 1982, the relevant portion of the implied consent statute in Illinois read as follows:

"Any person who is dead, unconscious or who is otherwise in

a condition rendering him incapable of refusal, shall be deemed to have withdrawn the consent provided by this Section." (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(e).)

Effective January 1, 1982, the statute was amended to read as follows:

"Any person who is dead, unconscious or who is otherwise in a condition rendering such person incapable of refusal, shall be deemed not to have withdrawn the consent provided by paragraph (a) of this Section ***." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(b).

It is clear that the law governing the taking of alcohol blood tests from persons incapable of giving their consent has changed drastically. Implied consent to such tests, once deemed withdrawn, is now considered not to be withdrawn.

■ It is equally clear that the trial judge erred in allowing the defendant's motion to suppress since that motion was based on a statutory provision no longer in effect. Likewise, the State erred in agreeing to the allowance of the defendant's motion.

The problem arises. What, if anything, can be done to remedy the compounded error? In this appeal, the State argues that the agreed-to order can be analogized to a contract and set aside upon the same basis that a contract may be rescinded. The State further argues that where a stipulation is entered into under mistake of law or in violation of public policy, the court may relieve the parties of the burdens placed upon them by the stipulation. In rebuttal, the defendant correctly points out that while a court may set aside stipulations under certain circumstances, there is no requirement that stipulations based on mistakes of law be set aside. The defendant also contends that an agreed-to order is not a stipulation in the technical and literal sense of the word.

■■ ■ While an agreed-to order is not, literally, a stipulation, the distinction between the two is not such as to render meaningless the body of case law on the withdrawal from or rescission of a stipulation. The law in Illinois is well settled that: "Parties will not be relieved from a stipulation in the absence of a clear showing that the matter stipulated is untrue, and then only when the application is seasonably made." *Brink v. Industrial Com.* (1938), 368 Ill. 607, 609, 15 N.E.2d 491, 492; *In re Estate of Moss* (1969), 109 Ill. App. 2d 185, 192-93, 248 N.E.2d 513, 516.

■ In the case at bar, the matter agreed to by the parties, as expressed in the trial judge's November 9, 1982, order allowing the defendant's motion to suppress, was the application of that portion of

the implied consent statute in Illinois disallowing the taking of blood tests from one unable to give consent. This matter was untrue. The relevant statutory provision then in effect did not require specific oral or written consent. In addition, the State's filing of the motion to vacate on December 3, 1982, was "seasonably made."

Vacating the suppression motion will restore the parties to the *status quo ante*. Thus, no one is prejudiced or harmed by the vacation of the erroneously entered suppression order.

Accordingly, the order of the circuit court of Peoria County denying the State's motion to vacate the court's earlier order suppressing the results of the defendant's blood alcohol test is reversed, and this cause is remanded to the trial court for further proceedings.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.