JUNE L. (BEEGLE) HEBB, Petitioner-Appellee, v. ROBERT BEEGLE, Defendant-Appellant.

Fifth District   No. 5—84—0719

Opinion filed July 10, 1985.

David A. Bloch, of Burroughs, Simpson, Hepler, Broom & McCarthy, of Edwardsville, for appellant.

Gary E. Peel, of Edwardsville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

This appeal arises from an order entered in the circuit court of Madison County denying Robert Beegle's motion to set aside the court's earlier judgment concerning child support arrearage.

June Hebb and Robert Beegle were divorced in the State of Michigan by a decree entered on July 17, 1967. The Michigan judgment required Robert to pay support and maintenance for the four minor children of the parties in the amount of $101 weekly. The Michigan decree was registered in California in 1970. In July 1978, when the youngest child, Brett, was 16 years old, the wife sought and was granted a modification of the Michigan judgment, whereby Robert was to pay $250 per month for the support of Brett. From the time of the order of modification until May 1980, Robert paid $125 per month to June, except for the summer months when Brett resided with him. This appeal does not involve any issues concerning the support of the other three children of the marriage.

In November 1983 June filed a petition to register the Michigan and California judgments in the circuit court of Madison County, where Robert resides. In January 1984, the judgments were registered, and June filed a petition for enforcement. A hearing was held on March 1, 1984. Robert was unable to attend, and he did not retain an attorney to appear on his behalf. The court found that Robert was in arrears for child support in the amount of $2,750, which was calculated from the date of the California modification to the date of Brett's 18th birthday, and was based upon June's testimony concerning Robert's payments. The court also ordered Robert to pay $250 in attorney fees which had been awarded as part of the California judgment of modification, and an additional attorney fee of $300 plus $62 in costs relative to the Illinois enforcement petition. The order also

stated that the court reserved ruling on the issue of arrearage between Brett's 18th and 21st birthdays, and allowed 21 days for the parties to submit legal authority on the question of whether Robert was obligated to pay support for Brett beyond his 18th birthday.

On March 28, 1984, Robert moved to set aside the order of March 1. He subsequently filed a number of exhibits. Several documents proved that he had made payments of $2,250 which had not been credited to him in the March 1 order. Another exhibit was an affidavit signed by Brett, which stated that he had paid for his own food, clothing and necessities since May 1980 and that he had permanently moved from his mother's residence upon graduation from high school in the same year. Also filed was a letter written by June's California attorney which acknowledged that June waived support payments during the summer months when Brett lived with Robert.

On October 15, 1984, the court entered a new order based upon its consideration of the documents filed and the legal authority submitted and argued by the respective attorneys for the parties. The court found that Robert's child support obligation had continued until Brett's 21st birthday and that Robert had waived his right to raise the issue of Brett's emancipation by conduct. The order required Robert to pay an additional $9,000 in child support arrearage for the period of time between Brett's 18th and 21st birthdays. The order reiterated the attorney fee awards and costs, but reduced the March 1 arrearage obligation by the $2,250 which Robert had demonstrated that he paid.

Robert appeals from the order of October 15, raising several issues and objecting to the $9,000 arrearage and to the attorney fee awarded pursuant to the Illinois enforcement petition.

■ We initially address the wife's contention that the trial court's order requires affirmance because Robert failed to furnish transcripts of the proceedings below. Her argument assumes that *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958, is controlling. There the court held that in the absence of a sufficiently complete record on appeal, it will be presumed that the order entered by the trial court conformed with law and had an adequate basis in fact. The instant case is distinguishable. The ruling at issue was based upon the trial court's interpretation of Michigan and California law. The record contains a complete summary of relevant facts which are essentially undisputed, as they pertain to the issue of child support past the age of 18.

■ This appeal is resolvable by simple application of the law which controlled the original support judgment. At the time the de-

cree was entered in 1967, the controlling Michigan statute read, in pertinent part:

> "The court shall have jurisdiction in making such order or decree relative to the minor children of such parties as authorized in this chapter to award custody *** until such child has attained the age of 18 years and may require the husband to pay such allowance as may be deemed proper for the support of each such child until each such child shall have attained that age and may *** in case of exceptional circumstances *** require payment of such allowance for any such child after he attains that age."

(Mason's 1954 Supp. sec. 552.17(a); Mich. Stat. Ann. sec. 25.97(1) (1955 Cum. Supp.).) Under the provision cited, the Michigan court was authorized to require child support for Brett only until his 18th birthday, unless June applied to the court and showed exceptional circumstances which would warrant support past the age of 18. *Johnson v. Johnson* (1956), 346 Mich. 418, 78 N.W.2d 216.

The provision cited was in effect at the time of the decree and when the age of majority was 21. The change in the age of majority and the respective provisions enacted in California and Michigan concerning the lowering of the age of majority, and the effect of such statutes on child support judgments were the focus of the trial court's resolution of the amount of arrearage owed to June for Brett's support. Neither party provided the trial court with the controlling statutory provision cited above. We are authorized, however, to take judicial notice of the Michigan statute (Ill. Rev. Stat. 1983, ch. 110, par. 8—1002), and the equities which inhere in this case require us to do so.

■ June argues that Robert has waived legal argument and the consideration of this court pertinent to the correct application of the relevant Michigan law by not presenting it below. We disagree. The general rule, *i.e.,* that an issue not presented to the trial court cannot be raised for the first time on appeal, is not rigid and inflexible. Questions of law not argued below may be considered on appeal where an injustice may result otherwise. *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204.

We conclude that the judgment of the circuit court must be reversed because the decision was reached under a misapprehension of the applicable law. Pursuant to Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), we vacate the judgment of the trial court insofar as it requires Robert to pay $9000 in arrears which accrued after Brett reached the age of 18.

■ The remainder of the judgment is affirmed. It appears from the pleadings and other documents of record that Robert was in arrears in the amount of $500 for the period of time involved before Brett turned 18, and for $250 in attorney fees which remained unpaid though ordered in the California modification judgment. Additionally, the attorney fees and costs necessitated by the collection of the arrearage in the Illinois courts were properly awarded to the wife in this cause. Therefore, judgment in the amount of $1,112.50 is entered in favor of the petitioner.

Reversed in part; affirmed in part.

KASSERMAN and HARRISON, JJ., concur.