THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KENNETH SIEMS, Defendant-Appellant.

Second District. No. 2—87—0402

Opinion filed June 9, 1988.

Newton E. Finn, of Waukegan, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Kenneth Siems, was convicted of driving while his license was revoked (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303) and was sentenced to a seven-day term of imprisonment. On appeal, defendant contends that his conviction must be reversed because he had a valid Kentucky driver's license at the time of his arrest.

Pursuant to Supreme Court Rule 323(d) (107 Ill. 2d R. 323(d)), the parties filed a stipulated statement of facts in lieu of a report of proceedings. The parties stipulated that, on December 29, 1983, defendant's Illinois driver's license was revoked by the Secretary of State as a result of a conviction in another State for operating a motor vehicle while under the influence of an intoxicant. In 1985, defendant became a Kentucky resident. Defendant applied for and received a Kentucky driver's license, having mentioned his Illinois revocation when he applied for the Kentucky license. On June 28, 1986, defendant drove a motor vehicle on a highway in Round Lake Beach, Illinois, and was arrested for driving while his license was revoked (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303). At the time of his arrest, defendant was a resident of Kentucky and possessed a valid Kentucky driver's license. The parties further stipulated that Kentucky is a party State to the Driver License Compact (Compact) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—700 et seq.).

In *People v. Klaub* (1985), 130 Ill. App. 3d 704, the court held that a person whose Illinois license is revoked is not guilty of driving while license is revoked if he or she possesses a valid license from a Compact State. The court noted that, while section 6—210 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—210) prohibits an individual whose Illinois license is revoked from driving in Illinois until he or she obtains a license when and as permitted under the Code, the Compact is part of the Code. *Klaub*, 130 Ill. App. 3d at 707.

The State in its "Response to Defendant's Brief," filed in this court in lieu of a brief, sought leave to withdraw from the agreed statement of facts because the stipulation stating that Kentucky is a member of the Compact was untrue. Attached to its response, as evidence of this fact, was a copy of section 6—700 of the Driver License

Compact (Ill. Rev. Stat. 1985, ch. 95½, par. 6—700), which listed those States having complementary laws, and a copy of the list of States that are members of the Compact, provided by the American Association of Motor Vehicle Administrators. Kentucky was not listed as a member.

Defendant filed objections to the State's motion for leave to withdraw from the agreed statement of facts, pointing out that the State's motion of December 22, 1987, was untimely since defendant's agreed statement was filed on May 12, 1987. Attached to those objections was defendant's sworn affidavit stating that he had been informed by the Illinois Secretary of State's office that Kentucky was a member with Illinois of the Driver License Compact. In his objections defendant stressed that he had focused on the fact that Kentucky was a member State of the Compact in arguing his appeal.

■■ ■ The State has apologized for the prosecutor's error below in entering the agreed statement of facts, stating that Kentucky was a party to the Compact, and for any prejudice which resulted to defendant therefrom, but asserts that parties cannot bind a court by stipulation to an incorrect resolution of a question of law. (*People v. Saunders* (1985), 135 Ill. App. 3d 594, 604.) States may only become parties to the Driver License Compact by enacting the same into law (see Ill. Rev. Stat. 1985, ch. 95½, par. 6—707(a)). Our research indicates that there was no Kentucky statute making that State a party to the Compact when defendant received his Kentucky license in 1985, nor is there presently such a statute. Thus, the stipulation in the agreed statement of facts that Kentucky is a member of the Compact is, in fact, erroneous.

■ Additionally, a court will not enforce a stipulation if there is a showing that the stipulation is unreasonable, the result of fraud, or violative of public policy. (*American Pharmaseal v. TEC Systems* (1987), 162 Ill. App. 3d 351, 355; *Commonwealth Edison Co. v. Department of Local Government Affairs* (1984), 126 Ill. App. 3d 277, 293.) The State maintains that the stipulation in question contravenes the public policy of Illinois that the reciprocal recognition of driver's licenses overrides any supremacy of the provisions of the Illinois Vehicle Code. (Ill. Rev. Stat. 1985, ch. 95½, par. 1—100 *et seq.*) Thus, the State concludes, since Kentucky has no statute establishing it as a member of the Compact, a fact of which this court may take judicial notice (see *Hebb v. Beegle* (1985), 135 Ill. App. 3d 157, 160; Ill. Rev. Stat. 1985, ch. 110, par. 8—1003), reciprocity does not exist, and the traffic laws of Illinois control. Consequently, defendant's conviction for driving while his license was revoked should be upheld.

■ Nevertheless, we believe the controlling issue in the instant case is whether the defendant's conviction should be reversed based on the State's change of position regarding Kentucky's membership status in the Compact since entry of the agreed statement of facts. The law in Illinois is that "[p]arties will not be relieved from a stipulation in the absence of a clear showing that the matter stipulated is untrue, and *then only when the application is seasonably made.*" (Emphasis added.) (*People v. Polk* (1983), 115 Ill. App. 3d 1011, 1013.) Defendant maintains that the State's failure to seek relief from the stipulation that Kentucky is a party State to the Compact was not seasonably made. This point is well taken, as the State did not seek relief until seven months after the stipulation was entered into and filed and five months after defendant filed his brief based solely upon the stipulation in question.

Moreover, the prosecutor by signing the agreed statement of facts stipulated that the facts set forth in that statement represented the facts material to the controversy in question. If the prosecutor had not agreed with those facts, he could have, pursuant to Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)), proposed amendments to the agreed statement, or proposed his own report of proceedings and had those amendments or that report settled and certified by the trial court. The State did not take this action. Since the accuracy of the stipulation that Kentucky is a member of the Driver License Compact was not raised by the State in the trial court, as evidenced by the prosecutor's signature on the agreed statement of facts and by statements contained within the State's "Response to Defendant's Brief," filed in this court, the State has, in effect, waived its right to argue against the accuracy of that stipulation. See *Patek v. Peick* (1979), 74 Ill. App. 3d 714, 719.

Further, since the State did not raise the question of the accuracy of that stipulation until seven months after the agreed statement of facts was filed and five months after defendant filed his brief based upon the stipulation in issue, the State is now estopped from raising that issue due to its untimeliness. A request for relief from a stipulation made for the first time on appeal is not seasonably made. (*Patek*, 74 Ill. App. 3d at 720.) Despite the fact that the stipulation that Kentucky is a member of the Driver License Compact is untrue, the State, nevertheless, erroneously agreed to that stipulation and did not attempt to withdraw from it in a timely fashion. Based on the State's error and subsequent failure to effect a timely withdrawal from the stipulation, as well as on the fact that the defendant did possess a valid Kentucky driver's license, we find that, in the interest of fair-

898

ness, defendant's conviction must be reversed. This is applicable solely to the case at hand and is not to be interpreted as giving Kentucky "Compact" status.

Reversed.

LINDBERG, P.J., and DUNN, J., concur.