**David J. SULLIVAN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1996.
Decided July 29, 1996.

**6**

Timothy P. Wile, for Appellant.

No appearance entered for Appellee.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, FLAHERTY and LEADBETTER, JJ.

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the September 20, 1995 order of the Court of Common Pleas of Allegheny County, sustaining David Sullivan's (Sullivan) statutory appeal of a one-year license suspension imposed under Section 1532(b)(3) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(b)(3).[1] We affirm.

By notice dated May 25, 1995, DOT informed Sullivan that as a result of his March 1995 Nebraska conviction for driving under the influence, which DOT said was equivalent to violation of 75 Pa.C.S. § 3731, DOT was suspending his operating license for one year as mandated by 75 Pa.C.S. § 1532(b)(3).

At the statutory appeal hearing, DOT asserted its authority to suspend Sullivan's license based on the Nebraska conviction under the Driver License Compact (Compact), effective January 1, 1995, pursuant to notice published in 24 Pa.Bull. 5609. According to DOT, the Compact authorizes the home state to give effect to the out-of-state conduct as provided by the laws of the home state. DOT then moved to admit a copy of the Nebraska conviction report.

Counsel for Sullivan objected to admission of the report as inadmissible hearsay because the document was not properly certified as required by 42 Pa.C.S. § 5328(a). In addi-

tion, counsel for Sullivan asserted the following: 1) the notice purported to suspend the license under 75 Pa.C.S. § 1532(b) for violation of 75 Pa.C.S. § 3731, and Sullivan did not violate that section; 2) for the notice to be valid, it must set forth the authority under which DOT is proceeding; and 3) DOT had no authority to suspend Sullivan's license under the Vehicle Code or under the Driver License Compact, which has not been enacted into law in the Commonwealth.

Common Pleas sustained Sullivan's appeal. The court found that DOT's notice was deficient in that it failed to set forth the authority upon which DOT based the suspension, and it found that the Nebraska conviction report was not properly certified. DOT appealed.

Our review of a common pleas decision in a motorist's statutory appeal from suspension of his or her operating privilege is limited to determining whether necessary findings of fact were supported by competent evidence of record and whether the trial court committed errors of law or abused its discretion. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992). Before this Court, DOT asserts 1) that the notice was sufficiently informative to apprise Sullivan of the factual and statutory basis for the suspension and to provide him with the opportunity to adequately prepare a defense, and 2) that DOT's certification of the Nebraska conviction report was admissible as a DOT document pursuant to 75 Pa.C.S. § 1550(d).

DOT defends the adequacy of its notice of suspension on due process grounds, but the issue is not precisely framed in terms of due process. In substance, Sullivan's objection and the basis for his statutory appeal, is that DOT had no authority to suspend Sullivan's license for the Nebraska conviction either under 75 Pa.C.S. § 1532(b), as stated in the notice, or under any other law of the Commonwealth. At the statutory hearing, when DOT first revealed that it was proceeding under the Driver License Compact (Notes of Testimony at p. 2.), Sullivan immediately asserted DOT's lack of authority to

---

1. *75 Pa.C.S. § 1532(b)(3) requires DOT to suspend for one year the operating privilege of any* person convicted under 75 Pa.C.S. § 3731 of driving under the influence of alcohol.

have entered into an interstate compact and its lack of authority to proceed under the Compact. (Notes of Testimony at p. 4.)

■ We now consider whether DOT has the authority to suspend a driver's license based on an out-of-state conviction pursuant to the Compact. The power and authority to be exercised by administrative agencies must be either expressly conferred or given by necessary implication by the legislature. *Department of Environmental Resources v. Butler County Mushroom Farm*, 499 Pa. 509, 454 A.2d 1 (1982).

■ According to DOT, the General Assembly, in 75 Pa.C.S. § 6146, specifically authorized the Secretary of Transportation to enter into the Compact on the Commonwealth's behalf. That section, in pertinent part, permits the Secretary to

enter into agreements relating to enforcement of this title, including, but not limited to:

(1) the Driver License Compact and any other agreements to notify any state of violations incurred by residents of that state;

(2) agreements to suspend or revoke the operating privilege of Pennsylvania licensed drivers who are convicted in Federal court or in another state of any offense essentially similar to those enumerated in section 1532(a) and (b) (relating to revocation or suspension of operating privilege);

75 Pa.C.S. § 6146. "All agreements, arrangements and declarations, and amendments thereto, shall be in writing and shall be published in compliance with Part II of Title 45 (relating to publication and effectiveness of Commonwealth documents). The department shall provide copies for public distribution upon request." 75 Pa.C.S. § 6152.

■ Although 75 Pa.C.S. § 6146 does specifically mention the Compact in its grant of authority to enter into enforcement agreements, that authority is insufficient to give the Compact the effect of law. A state can delegate to an administrative agency the authority to enter into an interstate compact, but a state may join a compact only in the manner specified in the compact.

Participation in the Driver License Compact is only by enactment. Article VIII of the Compact provides, "(1) This compact shall enter into force and become effective as to any state when it has enacted the same into law[,]" and "(2) [a]ny party state may withdraw from this compact by enacting a statute repealing the same...." The Driver License Compact: Administrative Procedures Manual 4–5, U.S. Dep't of Transp. (1990). A history, published as Appendix E of the Administrative Procedures Manual, characterizes the Compact as "[a]n interstate compact ... a formal and contractual agreement between two or more States, ... enacted into State law in each participating jurisdiction, usually with identical wording." *Id.* at 37. Participation in the Compact must be effected by enactment, and the Compact, by its own terms, is not effective until it is enacted into law.[2]

2. Enactment is "[t]he method or process by which a bill in the Legislature becomes a law." Black's Law Dictionary 472, (5th ed. 1979). All participating states have enacted the Compact into law. Ala.Code §§ 32–6–30—32–6–36 (1975); Ariz.Rev.Stat. §§ 28–1601—28–1605; Ark.Code §§ 27–17–101—27–17–106; Cal.Veh. Code § 15000 et seq. (West); Colo.Rev.Stat. §§ 24–60–1101—24–60–1107; 1992 Conn.Acts 92–186 (Reg.Sess.); Del.Code tit. 21, § 8101; D.C.Code §§ 40–1501, 40–1502 (1981); 23 Fla. Stat.Ann. §§ 322.43–322.48 (West); Haw.Rev. Stat. §§ 286C–1, 286C–2; Idaho Code §§ 49–2001—49–2003; Ill.Ann.Stat. ch. 625, para. 5/6–700—5/6–708 (Smith–Hurd); Ind.Code Ann. §§ 9–28–1–1—9–28–1–6 (West); Iowa Code §§ 321C.1, 321C.2; Kan.Stat.Ann. §§ 8–1212—8–1218; La.Rev.Stat.Ann. §§ 32:1420–32:1425; Me.Rev.Stat. tit. 29, §§ 631–675; Md.Transp. Code §§ 16–701—16–708; Minn.Stat. §§ 171.50–171.56; Miss.Code Ann. §§ 63–1–101—63–1–113 (1972); Mo.Ann.Stat. §§ 301.600–302.605 (Vernon); Mont.Code Ann. §§ 61–5–401—61–5–406; 2A Neb.Rev.Stat. app. at 840 (Reissue 1985); Nev.Rev.Stat. §§ 483.640–483.690; N.H.Rev.Stat. § 263.77; N.J.Stat.Ann. §§ 39:5D–1—39:5D–14 (West); N.M.Stat.Ann. §§ 66–5–49—66–5–51 (Michie 1978); N.Y.Veh. & Traf.Law § 516 (McKinney 1989); N.C.Gen.Stat. §§ 20–4.21—20–4.30; Ohio Rev.Code Ann. § 4507.60 (Baldwin); Okla. Stat. tit. 47, §§ 781–788; Or.Rev.Stat. § 802.540; S.C.Code Ann. §§ 56–1–610—56–1–690 (Law.Co-op.1976); Utah Code Ann. §§ 41–2–501—41–2–506 (1953); Vt.Stat.Ann. tit. 23, §§ 3901–3910; Va.Code §§ 46.2–483—46.2–488 (1950); Wash. Rev.Code Ann. §§ 46.21.010–46.21.040 (West); W.Va.Code §§ 17B–1A–1, 17B–1A–2 (1986); Wyo.Stat. §§ 31–7–201, 31–7–202 (1977).

In contrast, Florida's Nonresident Violator Compact, 23 Fla.Stat.Ann. §§ 322.49–322.50, which follows the Florida Driver License Compact in the Florida statutes, provides for participation by resolution. Article VII of Florida's Nonresident Violator Compact states that entry into the compact is made by resolution of ratification, executed by authorized officials of the applying jurisdiction, and including a citation of the authority by which the jurisdiction is empowered to become a party to the compact. 23 Fla.Stat. Ann. § 322.50. If the Driver License Compact provided for such a procedure, other than enactment, the authorization in 75 Pa. C.S. § 6146 would be sufficient to permit DOT to join the Compact by agreement; however, it does not.

The Commonwealth's attempt to participate in the Compact without enactment threatens the Compact's effectiveness in other states. Decisions from jurisdictions where the Compact has been enacted illustrate the kind of problems that can arise when the Compact has not been enacted in the reporting state. In *People v. Siems*, 170 Ill.App.3d 894, 119 Ill.Dec. 971, 523 N.E.2d 727 (1988), an Illinois appeals court refused to uphold a license suspension based on a Kentucky conviction because Kentucky had not enacted the Compact. In *McKenzie v. Registrar*, No. 95–01–005, 1996 WL 102351, 1996 Ohio App. LEXIS 854 (Ohio Ct.App. Mar. 5, 1996) (per curiam), the court reached the same conclusion, again based on Kentucky not having enacted the Compact. In *Division of Motor Vehicles v. Kleinert*, 198 N.J.Super. 363, 486 A.2d 1324 (App.Div.1985), the court reached a contrary conclusion, upholding a suspension based on a Vermont conviction even though Vermont was not a member state, but only because another New Jersey statute, other than the Compact, authorized suspension based on an out-of-state conviction.

The Compact's language requiring enactment is consistent with the Commonwealth's established legal principles. Article III of the Compact would have the effect of making an out-of-state traffic offense punishable within the Commonwealth, *Id.* at 3, in contravention of the well-settled rule that only the legislature has the power to define criminal offenses and to determine the punishment to be imposed.[3]

Not only has the Compact not been enacted in the Commonwealth, DOT has not complied with the procedures required to give effect to reciprocal agreements authorized by 75 Pa.C.S. § 6146. DOT has failed to publish the Compact in compliance with Part II of Title 45, as specified in 75 Pa.C.S. § 6152. DOT published a notice of its membership in the Compact with a synopsis, 24 Pa.Bull. 5609 (1994). The full text of the Compact has never appeared in the Pennsylvania Bulletin or in the Pennsylvania Code; therefore, DOT is not entitled to the statutory presumption of 45 Pa.C.S. § 905 that the document was duly promulgated and that all applicable regulations were followed.[4]

We are dismayed with DOT's lack of candor during all phases of this litigation. In its notice to Sullivan, DOT made no mention of the Compact as the basis for the license suspension; Sullivan made his appeal knowing that his Nebraska traffic violation was not a violation of 75 Pa.C.S. § 1532(b). At the statutory hearing, DOT announced that it was proceeding under the Compact, citing to the Pennsylvania Bulletin. DOT's brief to this Court quotes liberally from the Compact. At no time was the Compact made part of the record in this case, even though the Compact is not published and is available to the public only through DOT. In weighing the merits of the arguments, the Court is entitled to review the Compact in its entirety, not just those provisions that DOT deems pertinent.

---

3. Section 107 of the Crimes Code, 18 Pa.C.S. § 107. In pertinent part, "**(b) Common law crimes abolished.**—No conduct constitutes a crime unless it is a crime under this title or another statute of this Commonwealth." 18 Pa. C.S. § 107(b).

4. 45 Pa.C.S. § 905 provides that publication of a document in the code or the bulletin creates a rebuttable presumption that the document was duly issued or promulgated, approved as to legality, and all requirements otherwise met. Even if DOT were entitled to the presumption, our conclusion that the Compact is invalid unless enacted effectively rebuts this presumption.

Because the Compact itself requires that it be enacted into law by the legislatures of all the participating states and because the Commonwealth has never enacted the Compact, DOT is without authority to proceed under the Compact to suspend the operator's license of any Commonwealth resident based on an out-of-state conviction for any traffic offense. At the present time, DOT may not suspend an operator's license based on an out-of-state conviction except as provided in 75 Pa.C.S. § 1532[5] or in some other statute. We need not address DOT's evidentiary issue or the adequacy of DOT's notice of suspension. Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

### ORDER

AND NOW, this 29th day of July, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

SMITH, J., dissents.

---

**5.** DOT has the authority to suspend operating privileges based on conviction of enumerated offenses involving controlled substances "under the laws of the United States, this Commonwealth or any other state." 75 Pa.C.S. § 1532(c). Had the legislature included the quoted phrase in subsection (b)(3), perhaps DOT would have had the necessary authority to suspend Sullivan's license regardless of the validity of the Compact.