Dominick D. MAZZA, Appellant,

v.

COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted Nov. 20, 1996.

Decided March 13, 1997.

Reconsideration Denied May 2, 1997.

Robert S. Mirin, Harrisburg, for appellant.

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellee.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, KELLEY, FLAHERTY and LEADBETTER, JJ.

PELLEGRINI, Judge.

Dominick D. Mazza (Mazza) appeals from a decision of the Court of Common Pleas of Dauphin County (trial court) that sustained the Pennsylvania Department of Transportation's (PennDOT) suspension of his operating privileges for one year under Section 1532(b)(3) of the Vehicle Code.[1]

The facts of this case are not in dispute. On June 27, 1995, Mazza pleaded guilty in a New Jersey Municipal Court to driving under the influence of alcohol. Pursuant to that guilty plea, Mazza was sentenced to pay fines and costs of $500 and was directed to attend New Jersey's Intoxicated Driver Resource Center program. Additionally, Mazza's operating privileges in New Jersey were suspended for a period of six months.

By notice mailed August 31, 1995, Penn-DOT notified Mazza that as a consequence of

1. 75 Pa.C.S. § 1532(b)(3).

his New Jersey conviction, his operating privileges in Pennsylvania were being suspended for a period of one year. Mazza filed a statutory appeal with the trial court, challenging his license suspension as being improper, arbitrary, capricious and unconstitutional. After conducting a *de novo* hearing, the trial court dismissed the appeal. Mazza now appeals to this Court, contending that the mandatory suspension of his operating privileges without consideration for the Accelerated Rehabilitation Disposition program (A.R.D.) is unconstitutional because he would have been eligible for A.R.D. had he been convicted in Pennsylvania as opposed to New Jersey.[2]

▪ Prior to addressing Mazza's challenge to the suspension of his operating privileges, we must first address PennDOT's authority to suspend a licensee's operating privileges based upon an out-of-state conviction. PennDOT suspended Mazza's license based upon the Driver License Compact of 1961 (Compact), an agreement between 43 states that provided for reciprocal agreements, arrangements and declarations amongst those states. By its very terms, the Compact requires that it be enacted into law by the state legislature in order to take effect. This Court has recently held, however, that the Commonwealth has never enacted the Compact and, therefore, PennDOT is without the authority to proceed thereunder to suspend an operator's privileges based upon an out-of-state conviction. *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 5 (Pa.Cmwlth.1996), *petition for allowance of appeal granted*, —— Pa. ——, 689 A.2d 237 (1997).

▪ An administrative agency is a creature of statute and cannot exercise powers that are not explicitly given to it by the legislature. *Department of Environmental Resources v. Butler County Mushroom Farm*, 499 Pa. 509, 454 A.2d 1 (1982). An

agency possesses only those powers conferred to it by statute in clear and unmistakable language. *Lookenbill v. Garrett*, 340 Pa. Superior Ct. 435, 490 A.2d 857 (1985). Where, as here, the underlying statute upon which an agency in operating is declared void, thus depriving it of the authority to act thereunder, the agency is without jurisdiction to entertain matters under that statute. *See Western Pennsylvania Water Co. v. Pennsylvania Public Utility Commission*, 471 Pa. 347, 370 A.2d 337 (1977); *see also Fairview Water Co. v. Pennsylvania Public Utility Commission*, 509 Pa. 384, 502 A.2d 162 (1985). As conceded by PennDOT during argument,[3] in light of this Court's conclusion in *Sullivan* that the Compact was not enacted, it did not have the jurisdiction to suspend Mazza's license based upon his New Jersey conviction.[4]

Accordingly, the order of the trial court dismissing Mazza's appeal is reversed.

### ORDER

AND NOW, this 13th day of March, 1997, the order of the Court of Common Pleas of Dauphin County at No. 4370 S 1995, dated November 21, 1995, is reversed.

SMITH, J., dissents.

KELLEY, Judge, concurring.

I join in the result reached by the majority; however, I feel obligated to distinguish the majority's reliance upon *Sullivan* in its entirety. In *Sullivan*, this court stated that if the Driver License Compact provided, as a prerequisite for participation in the Compact, a procedure other than enactment, the authorization in 75 Pa.C.S. § 6146 permitting the Secretary of Transportation to enter into agreements relating to the enforcement of the Vehicle Code, would be sufficient to permit DOT to join the Compact by agreement. *See Sullivan*, 682 A.2d at 8. I believe that

---

2. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation v. Renwick*, 543 Pa. 122, 669 A.2d 934 (1996).

3. This matter was initially argued before a panel on September 10, 1996.

4. Given our conclusion that PennDOT lacked the jurisdiction to suspend Mazza's operating privileges under the Compact, we need not address Mazza's arguments.

this language in *Sullivan* implies that the constitutional provisions of the Pennsylvania Constitution governing the enactment of laws may be altered or lessened by Congressional act. *See generally* Article 3 of the Pennsylvania Constitution.

Therefore, while I embrace totally the result in the case, I must disengage any relationship with the aforementioned language set forth in *Sullivan* which clearly implies that if the Compact language had permitted, it would have been permissive for the General Assembly to unconstitutionally delegate adoption of the Compact notwithstanding the specific requirements of our constitution governing the enactment of statutes. Accordingly, I would specifically repudiate the aforementioned language found in *Sullivan* and further hold that the sovereignty of the Commonwealth by constitutional requirements of enacting laws by the process of the General Assembly cannot be altered or lessened by Congressional act.

LEADBETTER, Judge, concurring.

I concur in the result. I write separately to draw a distinction between *authority* or *power,* which I agree PennDot lacked under our decision in *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 5 (Pa.Cmwlth.1996) and jurisdiction, over the subject matter of driver's license suspensions, which I believe PennDOT has under the Vehicle Code, 75 Pa.C.S. § 1532(b). *See, e.g., Delaware River Port Authority v. Public Utility Commission,* 408 Pa. 169, 177–78, 182 A.2d 682, 686 (1962). Because PennDOT issued its suspension based upon a statute which was never enacted, and has conceded error at oral argument in this matter, I concur in the decision to reverse.