Sterling W. SNYDER, Jr.

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 1997.

Decided Oct. 8, 1997.

---

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for Appellant.

John J. Waldron, Allentown, for appellee.

Before COLINS, President Judge, LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the order of the Court of Common Pleas of Lehigh County in which that court sustained Sterling Snyder's (Snyder) statutory appeal of a one-year license suspension imposed under Section 1532(b)(3) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(b)(3),[1] citing our decision in *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 5 (Pa. Cmwlth.1996), *petition for allowance of appeal granted*, 547 Pa. 734, 689 A.2d 237 (1997).

By notice dated August 2, 1996, DOT informed Snyder that as a result of his June 1996 New York conviction for driving under the influence,[2] which DOT said was equivalent to violation of 75 Pa.C.S. § 3731, DOT was suspending his license for one year as mandated by 75 Pa.C.S. § 1532(b)(3). Snyder appealed the suspension, citing our decision in *Olmstead v. Department of Transportation, Bureau of Driver Licensing*, 677 A.2d

1285 (Pa.Cmwlth.1996), *petition for allowance of appeal granted*, 546 Pa. 698, 687 A.2d 380 (1997), which concluded that the New York offense of driving while ability impaired is not substantially similar to the Pennsylvania DUI offense for purposes of license suspension under the Driver License Compact of 1961 (Compact). At the October 1996 statutory appeal hearing, counsel for Snyder presented his argument under *Olmstead*, but the trial court sustained the appeal under our decision in *Sullivan*.

■ Our review of a common pleas decision in a license suspension case is limited to determining whether necessary findings of fact are supported by competent evidence of record and whether the trial court committed errors of law or abused its discretion. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992). Before this Court, DOT asserts 1) that it had the authority to suspend Snyder's license under the Compact as of January 1, 1995 and in the alternative, that the legislature cured the "procedural defect" in the Commonwealth's entry into the Compact by its December 10, 1996 enactment, 75 Pa.C.S. § 1581; and 2) that Snyder's conviction for driving while ability impaired, under N.Y. Vehicle & Traffic Law, Article 31, § 1195(1), is essentially similar to a Pennsylvania DUI conviction under 75 Pa. C.S. § 3731(a)(1).

■ Because we will not revisit issues resolved in *Sullivan* and *Olmstead*, the only issue before us is whether the enactment of the Compact provides DOT with the authority to suspend Snyder's license. In our opinion it does not. The Compact was enacted in December 1996, well after the date of Snyder's New York offense and the date of DOT's notice of suspension. DOT's authority under the Compact does not pre-date the legislature's December 10, 1996 enactment of the Compact. Accordingly, the order of the Court of Common Pleas of Lehigh County is affirmed.

---

**1.** 75 Pa.C.S. § 1532(b)(3) requires DOT to suspend for one year the operating privilege of any person convicted under 75 Pa.C.S. § 3731 of driving under the influence of alcohol (DUI).

**2.** The record indicates that Snyder was convicted in New York of the offense of driving while ability impaired. (Transcript at p. 3.)

## ORDER

**AND NOW,** this 8th day of October, 1997, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.